129 N.J. Super. 524 (1974)
324 A.2d 111
GENORA PATTERSON, PLAINTIFF,
v.
GARTH PATTERSON, DEFENDANT.
Superior Court of New Jersey, Law Division.
July 12, 1974.
*525 Mr. Angelo J. Falciani for plaintiff (Messrs. Falciani and DiMuzio, attorneys).
Mr. William P. Doherty, Jr., for defendant.
MILLER, J.C.C., Temporarily Assigned.
This is a personal injury action brought by Genora Patterson aginst her husband Garth Patterson. On cross-motions for summary judgment the decision must involve the responsibility for injuries to a spouse caused by an accident which occurred during the marriage at the family domicile and not involving the operator of a motor vehicle.
The Pattersons, who operated a horse farm named Gen-Gar Stables as a partnership, carried a liability insurance policy which limited coverage to the named insured by excluding liability arising outside their business activities. On August 15, 1971, while the Pattersons were preparing for a cookout, Garth flung aside a can containing a flammable substance which had been accidentally ignited by the fire. The can struck his wife, Genora, and caused severe injuries. His insurance carrier has declined coverage since the accident did not arise out of the conduct of the partnership's business. Before the accident the parties had experienced domestic discord and plaintiff filed a complaint for divorce which is still pending.
*526 Defendant contends that the suit is barred by the common law doctrine of interspousal immunity. Plaintiff asserts that the necessity for this doctrine has been eliminated and that the Supreme Court has effectively discarded the doctrine of interspousal immunity in Immer v. Risko, 56 N.J. 482 (1970).
The doctrine of interspousal immunity has its roots in the common law concept of unity of interest between spouses. This fictitious concept was altered by the enactment of New Jersey's Married Persons' Act, N.J.S.A. 37:2-1 et seq., which granted a woman her rights and a separate legal identity. This statute was originally construed as freezing the common law doctrine into our statutory law. Koplik v. C.P. Trucking Corp., 27 N.J. 1 (1958). However, the court later revised this decision, holding that N.J.S.A. 37:2-5 served "solely to incapacitate or disable a wife from suing her tortfeasor mate during the existence of the reasons which underlie the common law doctrine." (Emphasis supplied). Long v. Landy, 35 N.J. 44, 50 (1961). Thereafter the court held that Long had undercut the Koplik theory so that the doctrine of interspousal immunity should only apply where the reasons for its existence continue. Immer v. Risko, supra 56 N.J. at 487.
In Immer, where the passenger-wife sued the driver-husband to recover for injuries sustained in an automobile accident, the court analyzed the reasons for the doctrine and concluded that there was no necessity for the continued application of the doctrine. However, the court's decision was expressly limited to automobile negligence cases. Id. at 485. Three reasons were listed for interspousal immunity: (1) the common law unity concept of husband and wife, which has been rejected as a metaphysical concept that was "artificial and technical," Long v. Landy, supra 35 N.J. at 50; (2) the disruptive effect upon the harmony of the family, and (3) the possibility of fraudulent and collusive litigation. The court reasoned that marital disharmony would not result or that difficulties would not worsen due *527 to such suits, especially when an insurance carrier is generally present. As for the fraudulent lawsuits, the court indicated that it believed that the judicial system was capable of distinguishing between real and collusive actions.
Nevertheless, there are some fundamental differences between automobile negligence actions and the type of actions which are represented by the instant suit. Unlike the Immer class of cases there is a distinct lack of insurance coverage in nonautomobile negligence suits. Generally, homeowner's policies, as is illustrated by the present case, excluded such liability from their coverage. The absence of insurance protection can only have a detrimental effect upon the marital relationship, and the court need only to look as far as the Pattersons' divorce action as evidence of such disharmony.
As for fraudulent and collusive claims, the likelihood of fraudulent suits would be much greater. Unlike automobile negligence actions where there is definite physical evidence and generally impartial witnesses, these actions would generally be within the household where such evidence will be lacking and more subject to fabrication.
Moreover, this court is aware of the need for a sanctuary from the pressures and tensions of our modern world. Man must have a haven  some place where he can relax and lower his guard; some place where he is not held to an objective standard of reasonableness. It is to be hoped the reasonably prudent man will not treat his wife with the same aloof standard of conduct he, hopefully, accords his neighbor. Sanctuary has been one of the prime functions of the home in our society, and to require individuals to conform to a high degree of care in the privacy of their own homes would vitiate the reason for its existence.
This court finds that there are substantial reasons for the continued existence and application of the interspousal immunity doctrine. The Supreme Court's decision in Immer is expressly restricted to automobile negligence actions. There being no genuine issue to any material fact, this action *528 is ripe for disposition by summary judgment. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1955). Since the nonautomobile accident occurred while the litigants were married, plaintiff's action is barred by the common law doctrine of interspousal immunity. Plaintiff's motion for summary judgment is denied; defendant's motion for summary judgment is granted.